UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| DANIEL MONTENEGRO and JOHN VITERITTI,<br><br>           Plaintiffs,<br><br>- against -<br><br>NEWREZ, LLC,<br><br>           Defendant. | Case No.:<br><br><br>COMPLAINT<br><br><br>JURY TRIAL DEMANDED |

Plaintiffs, **DANIEL MONTENEGRO and JOHN VITERITTI**, by and through their attorneys, **ZABELL & COLLOTTA, P.C.**, complain and allege as follows:

## I.   PRELIMINARY STATEMENT

1. Plaintiffs bring this action against Defendant NEWREZ, LLC, in connection with the unlawful, national-origin/ethnicity based discrimination to which they were subject in violation of Title VII of the Civil Rights Act of 1964, as amended by 42 U.S.C. §2000e *et. seq.* ("Title VII and The New York State Human Rights Law, N.Y. Executive Law § 296, et seq. ("NYSHRL").

## II.   JURISDICTION & VENUE

2. This Court maintains jurisdiction over the claims presented herein pursuant to 28 U.S.C. §§ 1331 and 1367.

3. This Court maintains jurisdiction over all state law claims brought in this action pursuant to 28 U.S.C. § 1367.

4. This action properly lies in the United States District Court for the Eastern District of New York, pursuant to 28 U.S.C. § 1391, because the conduct alleged

herein occurred within Counties of Suffolk and Nassau.

5. This Court has the power to issue declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202.

6. On or about March 18, 2022, Plaintiff Montenegro filed a Charge of Discrimination with the United States Equal Employment Opportunity Commission ("EEOC") alleging that he was subject to national-origin/ethnicity based discrimination in violation of Title VII of the Civil Rights Act.

7. On or about December 20, 2022, the EEOC issued a Notice of Right to Sue to Plaintiff Montenegro. *See* Exhibit 1.

8. On or about March 18, 2022, Plaintiff Viteritti filed a Charge of Discrimination with the United States Equal Employment Opportunity Commission ("EEOC") alleging that he was subject to national-origin/ethnicity based discrimination in violation of Title VII of the Civil Rights Act.

9. On or about January 20, 2023, the EEOC issued a Notice of Right to Sue to Plaintiff Montenegro. *See* Exhibit 2.

### III. PARTIES

10. Plaintiff, **DANIEL MONTENEGRO** ("Plaintiff Montenegro"), is a domiciliary of the State of New York residing in Suffolk County.

11. Plaintiff, **JOHN VITERITTI** ("Plaintiff Viteritti"), is a domiciliary of the State of New York residing in Suffolk County.

12. At all times relevant to the Complaint, Plaintiffs were each an "employee" of Defendant within the meaning of NYSHRL § 292(6).

13. Defendant is a foreign limited liability company with offices presently located in Melville, New York.

14. At all times relevant herein, Defendant acted as an "employer" within the meaning of Section 3(d) of Title VII and NYSHRL § 292(5).

## IV.   FACTUAL ALLEGATIONS

15. Plaintiff Montenegro was hired by New Penn Financial, LLC ("New Penn") on or about May 1, 2010 as a Regional Manager.

16. Plaintiff Viteritti was also hired by New Penn on or about May 1, 2010 as a Regional Manager.

17. Plaintiffs were each hired by Jerry Schiano, the former President of New Penn.

18. In or around 2011, New Penn was acquired by Shellpoint Partners.

19. Plaintiffs retained their positions following the Shellpoint Partners acquisition.

20. In or around July 2018, Shellpoint Partners was acquired by New Residential Investment Corp.

21. Following the acquisition, New Residential Investment Corp. rebranded New Penn Financial, LLC as "NewRez."

22. Plaintiffs retained their positions as regional managers of the New York branch of NewRez following the acquisition and rebrand.

23. From the outset of their employment with New Penn, and continuing through the NewRez rebrand, Plaintiffs always met, or exceeded, all performance-based standards and goals that were set by their employer.

24. Despite their success, Plaintiffs were always treated as the black sheep of all regional offices.

25. Plaintiffs were not provided with the same support and resources that were afforded to other regional branches.

26. For example, NewRez's current President, Baron Silverstein, never visited Plaintiffs' branch.

27. Additionally, NewRez's Senior Vice President, Debbie Knotts, to whom Plaintiffs directly reported, never visited their branch.

28. Beginning in November 2021, Plaintiffs were advised that a company-wide hiring freeze was going into effect.

29. However, Plaintiffs learned that the hiring freeze was not being enforced across other branches.

30. Rather, the hiring freeze was limited to Plaintiffs' branch.

31. During this time, Plaintiffs also learned that Defendant's executive staff spoke of them in a derogatory manner.

32. Specifically, Plaintiffs learned that they were referred to as the "Italian duo" or "Moose and Rocco."

33. Defendant also excluded Plaintiffs from the Company's annual corporate retreat.

34. Not once during their twelve (12) years of employment were Plaintiff's invited to the corporate retreat.

35. Upon information and belief, all other regional managers with at least five (5) years of employment were invited on the corporate retreat.

36. Additionally, Plaintiffs were the only regional managers to have never received an invite to the Company's Corporate Holiday Party.

37. Each year, each of NewRez's regions would have their own holiday party.

38. However, there was also a Corporate Holiday Party held that was attended by Senior Management and other Regional Managers.

39. Plaintiffs were never invited to the Corporate Holiday Party.

40. Defendant's discriminatory treatment of Plaintiffs culminated in their termination on or about February 25, 2022.

41. On that date, Plaintiffs were advised that management of the New York branch was being transferred to Stacy Blair, the manager of the Florida region.

42. Upon information and belief, Mr. Blair has been employed by the company for less than two (2) years.

43. Upon information and belief, Mr. Blair is not of Italian heritage.

44. Upon information and belief, the Florida region had the highest turnover of any branch in the Company.

45. Moreover, despite its shortcomings, Mr. Blair's region was not subject to the same hiring freeze to which the New York region was subject.

46. Plaintiffs were each advised that they could remain employed if they agreed to accept demotions to the positions of Sales Managers.

47. Plaintiffs were told they needed to provide Ms. Knotts with their decision by 4:00 p.m. on Monday, February 28, 2022.

48. The limited time window was all that was afforded to Plaintiffs despite twelve (12) years of service as Regional Managers through two (2) separate acquisitions.

49. However, Plaintiffs were not even provided all time originally promised to consider acceptance of their demotions.

50. Prior to the 4:00 p.m. deadline on Monday, February 28, 2022, Defendant terminated Plaintiffs' respective employment and denied them access to their work-related accounts.

51. Following termination from their employment, Plaintiffs learned that Defendant drastically altered the operations at the New York branch.

52. Almost immediately, Defendant ended the hiring freeze that prevented Plaintiffs from expanding branch operations.

53. Additionally, Defendant lowered branch and individual performance goals for the branch.

54. Moreover, Defendant interfered with Plaintiff Montenegro's ability to collect unemployment benefits.

55. Specifically, Defendant reported to the New York State Department of Labor that Plaintiff Montenegro was receiving severance benefits.

56. Such a representation was untrue – no severance payments were issued to Plaintiff Montenegro.

57. Defendant's actions leading up to, and following, their termination only confirmed the discriminatory animus held towards Plaintiffs based upon their Italian-American Heritage.

## V. CLAIMS FOR RELIEF

### FIRST CAUSE OF ACTION
### DISCRIMINATION ON THE BASIS OF NATIONAL-ORIGIN/ETHNICITY UNDER TITLE VII

58. Plaintiffs repeat and reallege every preceding allegation as if set forth fully herein.

59. Plaintiffs have been discriminated against by Defendant on the basis of their ethnicity in violation of Title VII in that Plaintiffs were treated in an inferior manner as compared to their non-Italian-American contemporaries.

60. Moreover, Plaintiffs were terminated from the positions they held for twelve (12) years in favor of a non-Italian-American who had less seniority, less experience, and inferior performance metrics.

61. As a proximate result of Defendant's discriminatory conduct, Plaintiffs have suffered and continue to suffer substantial loss of past and future earnings and other employment benefits, all to their detriment in an amount to be determined at trial.

62. As a further proximate result of Defendant discriminatory conduct, Plaintiffs have suffered and continue to suffer severe and lasting embarrassment, humiliation and anguish, and other incidental and consequential damages and expenses, all to their detriment in an amount to be determined at trial.

63. Defendant's conduct was committed with conscious disregard of Plaintiffs' rights.

64. Plaintiffs are entitled to an award of injunctive and equitable relief and an award of compensatory damages from Defendant in an amount to be determined at trial.

## SECOND CAUSE OF ACTION
### DISCRIMINATION ON THE BASIS OF NATIONAL-ORIGIN/ETHNICITY UNDER THE NYSHRL

65. Plaintiffs repeat and reallege every preceding allegation as if set forth fully herein.

66. Plaintiffs have been discriminated against by Defendant on the basis of their ethnicity in violation of the NYSHRL in that Plaintiffs were treated in an inferior manner as compared to their non-Italian-American contemporaries.

67. Moreover, Plaintiffs were terminated from the positions they held for twelve (12) years in favor of a non-Italian-American who had less seniority, less experience, and inferior performance metrics.

68. As a proximate result of Defendant's discriminatory conduct, Plaintiffs have suffered and continue to suffer substantial loss of past and future earnings and other employment benefits, all to their detriment in an amount to be determined at trial.

69. As a further proximate result of Defendant discriminatory conduct, Plaintiffs have suffered and continue to suffer severe and lasting embarrassment, humiliation and anguish, and other incidental and consequential damages and expenses, all to their detriment in an amount to be determined at trial.

70. Defendant's conduct was committed with conscious disregard of Plaintiffs' rights.

71. Plaintiffs are entitled to an award of injunctive and equitable relief and an award of compensatory damages from Defendant in an amount to be determined at trial.

## DEMAND FOR TRIAL BY JURY

72. Pursuant to Fed. R. Civ. P. 38(b), Plaintiffs demand a trial by jury on all questions of fact this Complaint raises.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiffs respectfully request this Court grant the following relief:

i. An award, inclusive of compensatory damages, emotional damages, and punitive damages, in an amount to be determined at trial for Defendants' violation of Title VII's anti-discrimination provisions.

ii. An award, inclusive of compensatory damages, emotional damages, and punitive damages, in an amount to be determined at trial for Defendants' violation of the NYSHRL's anti-discrimination provisions;

iii. An award, inclusive of compensatory damages, emotional damages, and punitive damages, in an amount to be determined at trial for Defendants' violation of Title VII;

iv. An award, inclusive of compensatory damages, emotional damages, and punitive damages, in an amount to be determined at trial for Defendants' violation of the NYSHRL;

v. An award of pre-judgment and post-judgment interest;

vi. An award of costs and expenses of this action, together with reasonable attorneys' fees and costs; and

vii. Such other and further relief as this Court deems just and proper.

Dated: January 25, 2023
Bohemia, New York

Respectfully submitted,

**ZABELL & COLLOTTA, P.C.**
*Attorneys for Plaintiff*

By: *Ryan Eden*
Saul D. Zabell, Esq.
Ryan M. Eden, Esq.
1 Corporate Drive, Suite 103
Bohemia, New York 11716
T: (631) 589-7242
F: (631) 563-7475
SZabell@laborlawsny.com
REden@laborlawsny.com

10